SUMMARY ORDER

Petitioner Li Qin Zhu, a native and citizen of the People’s Republic of China, seeks review of the December 11, 2007 order of the BIA, denying her motion to reopen. In re Li Qin Zhu, No. A078 216 471 (B.I.A. Dec. 11, 2007). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
We review the agency’s denial of a motion to reopen for abuse of discretion. Ali v. Gonzales, 448 F.3d 515, 517 (2d Cir.2006). Where the agency considers relevant evidence of country conditions in evaluating a motion to reopen, we review the agency’s factual findings under the substantial evidence standard. See Jian Hui Shao v. Mukasey, 546 F.3d 138, 169 (2d Cir.2008). We find that the agency did not err in denying Zhu’s untimely and number-barred motion to reopen.
Zhu argues that the BIA erred in concluding that she failed to demonstrate material changed country conditions sufficient to excuse the time and number limitations for filing her motion to reopen. However, this argument fails where we have previously reviewed the BIA’s consideration of similar evidence in the context of an untimely and number barred motion to reopen and have found no error in its conclusion that such evidence was insufficient to establish material changed country conditions. See id. at 169-72 (noting that “[w]e do not ourselves attempt to resolve conflicts in record evidence, a task largely within the discretion of the agency”); see also Wei Guang Wang v. BIA, 437 F.3d 270, 275 (2d Cir.2006) (noting that while the BIA must consider evidence such as “the oft-cited Aird affidavit, which [it] is asked to consider time and again[,] ... it may do so in summary fashion without a reviewing court presuming that it has abused its discretion”).
To the extent Zhu argues that the BIA ignored the evidence she submitted, nothing in the record compels us to agree. See Jian Hui Shao, 546 F.3d at 169 (recognizing that the Court has rejected the notion that the agency must “expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner”); see also Xiao Ji Chen v. U.S. Dep’t of Justice, 471 F.3d 315, 337 n. 17 (2d Cir.2006)(presuming that the agency “has taken into account all of the evidence *52 before [it], unless the record compellingly suggests otherwise”).
Zhu further argues that the BIA abused its discretion when it found that her failure to authenticate the purported Village Committee notice diminished the weight of that document. That argument, however, is unavailing, as the BIA does not err when, as here, it relies on a prior adverse credibility determination to reject a document, submitted in support of a motion to reopen, that does not bear independent indicia of authenticity. See Qin Wen Zheng v. Gonzales, 500 F.3d 143, 148-49 (2d Cir.2007) (finding that the BIA’s refusal to credit an unauthenticated document was not error where the rejection of the document was based substantially on legitimate credibility concerns and contrary evidence as opposed to being based solely on lack of authentication).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).